```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 09-611(DSD/FLN)
```

Charles Wiggs and
Judy Wiggs,

       Plaintiffs,

v.                                              **ORDER**

Novartis Pharmaceuticals
Corporation,

       Defendant.

This matter is before the court upon the responses of the parties regarding possible transfer of this action pursuant to 28 U.S.C. § 1404(a). Based on a review of the file, record and proceedings herein, and for the following reasons, the court transfers this action to the United States District Court for the Middle District of North Carolina.[1]

**BACKGROUND**

This is one of thousands of product-liability actions filed in the District of Minnesota by plaintiffs who have no connection to Minnesota against defendants who have no connection to Minnesota regarding events that did not occur in Minnesota and that had no impact within Minnesota. The vast majority of these actions have been filed in this district because, if they were filed by the

---

[1] The parties agree that the court should transfer this action to the Middle District of North Carolina.

plaintiffs in their home states (or almost anywhere else), they would be dismissed under the applicable statutes of limitations.

This case is typical. Plaintiffs Charles Wiggs and Judy Wiggs are citizens of North Carolina. Compl. ¶¶ 2-3. Defendant Novartis Pharmaceuticals, Corporation (Novartis) is incorporated in Delaware and has a principal place of business in New Jersey. Id. ¶ 4.

On March 16, 2009, plaintiffs filed suit, alleging that Charles Wiggs developed osteonecrosis of his jaw bone as a result of taking Zometa, a drug manufactured by Novartis. Judy Wiggs also alleged a claim for loss of consortium. On May 12, 2009, pursuant to an order by the Judicial Panel on Multidistrict Litigation, the case was transferred to the Middle District of Tennessee for pretrial proceedings. See ECF No. 6. The case was remanded to the District of Minnesota on March 26, 2014. On March 28, 2014, the court ordered the parties to submit briefs discussing transfer of this action. The parties timely responded, and the court now considers transfer under § 1404(a).

## DISCUSSION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to order a transfer under § 1404(a) "require[s] a case-by-

case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997) (citations omitted). The relevant factors generally fall into three categories: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Id. (citation omitted). There is, however, "no exhaustive list of specific factors to consider." Id.

I.  **Convenience of the Parties and Convenience of the Witnesses**

In this action, no party is located in Minnesota, no relevant event occurred in Minnesota, no alleged injury was suffered in Minnesota and no evidence is present in Minnesota. Minnesota does not appear to be convenient for anyone — including plaintiffs, who live in North Carolina.[2] Moreover, Wiggs's prescribing and treating physicians are presumably in North Carolina. See LeMond Cycling, Inc. v. Trek Bicycle Corp., No. 08-1010, 2008 WL 2247084, at *3 (D. Minn. May 29, 2008) ("More importantly ... the focus is

---

[2] Of course, plaintiffs can choose to inconvenience themselves and, if litigating in Minnesota were convenient for defendants and third-party witnesses, the court would not transfer the case solely to eliminate an inconvenience that plaintiffs want to bear. See CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc., 259 F.R.D. 398, 409 (D. Minn. 2009) ("[Plaintiffs] chose to litigate this action in Minnesota and it would be paradoxical for that choice to be dislodged by any inconvenience it elected to bear in litigating its action in this locale." (citation and internal quotation marks omitted)). For the reasons described above, however, litigating in Minnesota would not be convenient for defendants or third-party witnesses.

on the inconvenience caused to nonparty witnesses ....").  As a result, the first two factors favor transfer.

## II. Interests of Justice

The interests of justice typically involve considerations of "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law[s] issues, and (7) the advantages of having a local court determine questions of local law."  Terra Int'l, Inc., 119 F.3d at 696 (citation omitted).  Other than the plaintiff's choice of forum, all factors either support or are neutral regarding transfer.  Therefore, the interests of justice favor transferring this action.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that this action is transferred to the United States District Court for the Middle District of North Carolina.

Dated:  April 29, 2014

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court